UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                                    )<br>)<br>FRANCIS P. SALEMME,         )<br>)<br>          Defendant.         )<br>) | Crim. No. 1:04cr10323-RGS<br><br>Violations:<br>18 U.S.C. § 1503<br>18 U.S.C. § 1001 |

INDICTMENT

THE UNITED STATES GRAND JURY in and for the District of Massachusetts charges that:

COUNT ONE
(Obstruction of Justice)

1. At times material to the allegations contained in this Indictment:

    a.  In or before 1991, the defendant FRANCIS P. SALEMME became the boss of the New England Family of La Cosa Nostra, a secret criminal organization which had previously been known as the Patriarca Family of La Cosa Nostra. Prior to becoming the boss, the defendant FRANCIS P. SALEMME was a "capo" or captain and was the "boss of Boston."

    b.  Francis P. Salemme, Jr. was a "made" member of the New England Family and the son of the defendant FRANCIS P. SALEMME.

    c.  Stephen A. DiSarro was a businessman who was also associated with the defendant FRANCIS P. SALEMME and Francis P. Salemme, Jr. DiSarro had experience in the ownership and

operation of restaurants and clubs. DiSarro disappeared on or about May 10, 1993.

    d. The Channel was a club located at 25 Necco Street in South Boston. In or about and between 1990 and 1993, DiSarro had acquired control over The Channel. The defendant FRANCIS P. SALEMME and Francis P. Salemme, Jr. had a hidden interest in The Channel.

    e. In or about and between 1991 and 1995, the defendant FRANCIS P. SALEMME and Francis P. Salemme, Jr. became the subject of criminal investigation, including a federal grand jury investigation, by state and federal law enforcement authorities. In connection with this investigation, Francis P. Salemme, Jr. was indicted by a federal grand jury on or about June 19, 1992 in the case captioned United States v. Francis P. Salemme, Jr., Crim. No. 92-10179-REK. The relationship of the defendant FRANCIS P. SALEMME and Francis P. Salemme, Jr. to The Channel became relevant not only to the aforementioned criminal investigation, but also to pending court proceedings in Crim. No. 92-10179-REK.

    f. On or about May 10, 1993, the defendant FRANCIS P. SALEMME was present at the scene of Stephen DiSarro's murder. The defendant FRANCIS P. SALEMME also assisted in burying Stephen DiSarro's body to prevent its discovery.

    g. On or about January 10, 1995, the defendant

2

FRANCIS P. SALEMME was indicted in federal court in the matter captioned United States v. Francis P. Salemme, et al., Crim No. 94-10287-MLW. After extensive pre-trial litigation in that matter, the defendant FRANCIS P. SALEMME sought to enter a guilty plea in the latter part of 1999. During this period of time, the defendant FRANCIS P. SALEMME through his attorney negotiated a plea agreement with the United States to resolve all pending charges in the matter captioned United States v. Francis P. Salemme, et al., Crim. No. 94-10287-MLW. That plea agreement was executed by the parties on or about December 8, 1999.

  h. As part of the plea negotiation process, the defendant FRANCIS P. SALEMME offered to assist the United States in the prosecution of another person and, with intent to obtain a reduction of his sentence, entered into a proffer agreement with the United States which was signed by the defendant FRANCIS P. SALEMME on November 1, 1999. The plea negotiations included several discussions between the parties regarding the potential impact that participation in a murder by the defendant FRANCIS P. SALEMME after he became the boss of the New England Family, including the presumed murder of Stephen DiSarro, would have on a reduction of his sentence. The defendant FRANCIS P. SALEMME insisted that he had no additional criminal liability for any murders committed after he became boss of the New England Family, and did so to impact plea negotiations and sentencing in his

favor.

    i. During the proffer session on November 2, 1999, the defendant FRANCIS P. SALEMME was questioned by government agents and prosecutors regarding any knowledge that the defendant FRANCIS P. SALEMME possessed concerning the disappearance and ultimate fate of Stephen DiSarro. At that time, the defendant FRANCIS P. SALEMME falsely indicated that: (1) he had no information regarding the disappearance of Stephen DiSarro; and (2) he was not involved in the disappearance of Stephen DiSarro. At that time, the defendant Francis P. Salemme also provided the following false information suggesting that others might be responsible for the disappearance and presumed murder of Stephen DiSarro in an attempt to mislead federal prosecutors and investigators:

> While Salemme was a capo he met "Pascone" through Bobby DeLuca. Pascone stated that Bianco wanted DiSarro eliminated because he was concerned that DiSarro was going to be indicted. Salemme conveyed that murdering DiSarro was out of the question. DiSarro was a threat to Bianco because DiSarro had been paying Bianco $5000 per week from money DiSarro had acquired in business ventures with [another person]. There was also concern that DiSarro had testified before some local board in Rhode Island implicating Bianco, Guarino and an attorney in some type of "swindle."

    j. On or about January 24, 2003, the defendant FRANCIS P. SALEMME received a reduction of his sentence in the case captioned <u>United States v. Francis P. Salemme, et al.</u>, Crim. No. 94-10287-MLW pursuant to Rule 35 of the Federal Rules of

4

Criminal Procedure for his substantial assistance in the prosecution of John Connolly in the matter captioned <u>United States v. John Connolly</u>, Crim. No. 99-10428-JLT.

2. On or about November 2, 1999, in the District of Massachusetts, the defendant

FRANCIS P. SALEMME

did corruptly endeavor to influence, obstruct, and impede the due administration of justice, to wit, did knowingly and intentionally provide false information regarding the disappearance and death of Stephen DiSarro in an effort to obtain a lower sentence than he would have received had he been truthful in the case captioned <u>United States v. Francis P. Salemme, et al.</u>, Crim. No. 94-10287-MLW, in that the defendant FRANCIS P. SALEMME (1) made false statements about (a) his knowledge regarding the disappearance of Stephen DiSarro and (b) his involvement in the disappearance of Stephen DiSarro, and (2) did attempt to mislead federal prosecutors and investigators by providing false information suggesting that others might be responsible for the disappearance and presumed murder of Stephen DiSarro.

All in violation of Title 18, United States Code, Section 1503.

## COUNT TWO
### (False Statements)

1. The contents of paragraph one of Count One are hereby realleged and incorporated as if fully set forth herein.

2. On or about November 2, 1999, in the District of Massachusetts, the defendant

### FRANCIS P. SALEMME

in a matter within the jurisdiction of the executive branch of the Government of the United States, knowingly and willfully made materially false, fictitious and fraudulent statements to government prosecutors employed by the United States Attorney's Office and federal agents employed by the United States Drug Enforcement Administration and the Federal Bureau of Investigation, in that the defendant FRANCIS P. SALEMME (1) made false statements about (a) his knowledge regarding the disappearance of Stephen DiSarro and (b) his involvement in the disappearance of Stephen DiSarro, and (2) did attempt to mislead federal prosecutors and investigators by providing false information suggesting that others might be responsible for the disappearance and presumed murder of Stephen DiSarro.

All in violation of Title 18, United States Code, Section 1001(a)(2).

A TRUE BILL

*Thomas E Joyce*
Foreperson of the Grand Jury

*[signature]*
Assistant United States Attorney

DISTRICT OF MASSACHUSETTS; October 27, 2004, at

Returned into the District Court by the Grand Jurors and filed.

*[signature]*
Deputy Clerk     4:12p

JS 45 (5/97) - (Revised USAO MA 1/15/04)

**Criminal Case Cover Sheet**      **U.S. District Court - District of Massachusetts**

**Place of Offense:** 1 Courthouse    **Category No.** 1    **Investigating Agency** DEA/MSP

**City** Boston

**County** Suffolk

**Related Case Information:**
Superseding Ind./ Inf. _____ Case No. _____
Same Defendant _____ New Defendant _____
Magistrate Judge Case Number _____
Search Warrant Case Number _____
R 20/R 40 from District of _____

**Defendant Information:**

**Defendant Name** Francis P. Salemme    Juvenile ☐ Yes ☒ No

**Alias Name** _____

**Address** _____

**Birth date (Year only):** 1933   **SSN (last 4 #):** 5329   **Sex** M   **Race:** White   **Nationality:** Italian

**Defense Counsel if known:** _____    **Address:** _____

**Bar Number:** _____

**U.S. Attorney Information:**

**AUSA** Fred Wyshak/Brian Kelly    **Bar Number if applicable** _____

**Interpreter:** ☐ Yes ☒ No    **List language and/or dialect:** _____

**Matter to be SEALED:** ☒ Yes ☐ No

☒ Warrant Requested    ☐ Regular Process    ☐ In Custody

**Location Status:**

**Arrest Date:** _____

☐ Already in Federal Custody as _____ in _____
☐ Already in State Custody _____ ☐ Serving Sentence ☐ Awaiting Trial
☐ On Pretrial Release: Ordered by _____ on _____

**Charging Document:** ☐ Complaint ☐ Information ☒ Indictment

**Total # of Counts:** ☐ Petty _____ ☐ Misdemeanor _____ ☒ Felony _____

Continue on Page 2 for Entry of U.S.C. Citations

☐ I hereby certify that the case numbers of any prior proceedings before a Magistrate Judge are accurately set forth above.

**Date:** 10/27/2004    **Signature of AUSA:** *[signed] Fred M. Wyshak, Jr.*

JS 45 (5/97) - (Revised USAO MA 3/25/02) Page 2 of 2 or Reverse

District Court Case Number (To be filled in by deputy clerk): _____

Name of Defendant    Francis P. Salemme

U.S.C. Citations

| Index Key/Code | Description of Offense Charged | Count Numbers |
|---|---|---|
| Set 1  18 USC 1503 | Obstruction of Justice | 1 |
| Set 2  18 USC 1001 | False Statements | 2 |
| Set 3 | | |
| Set 4 | | |
| Set 5 | | |
| Set 6 | | |
| Set 7 | | |
| Set 8 | | |
| Set 9 | | |
| Set 10 | | |
| Set 11 | | |
| Set 12 | | |
| Set 13 | | |
| Set 14 | | |
| Set 15 | | |

**ADDITIONAL INFORMATION:**