## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ) |  |
| UNITED STATES OF AMERICA ) |  |
| ) |  |
| v. ) | CASE NO.    1:04-CR-10323-RGS |
| ) |  |
| FRANCIS P. SALEMME, ) |  |
| Defendant ) |  |
| ) |  |

## MOTION TO DISMISS

Now comes Francis P. Salemme through counsel and requests this Court to dismiss the above referenced indictment. The government, acting through several entities, has refused to disclose the present whereabouts of Mr. Salemme, preventing counsel from discharging his ethical obligations to zealously represent his client and denying Mr. Salemme's constitution rights to be represented zealously by counsel and to be afforded a fair and just trial. This misconduct is intentional, spiteful, vindictive and malicious designed to humiliate Mr. Salemme and counsel and to prevent them from preparing a defense to the indictment. This intentional misconduct is so outrageous that this Court has no choice but to dismiss the indictment.

In support of this motion counsel for Francis Salemme states that he last spoke with and saw his client on December 7, 2004. After the conclusion of the live testimony taken in connection with the detention hearing, counsel was permitted to meet with Mr. Salemme. After meeting with Mr. Salemme counsel left the meeting and he has been unable to locate his client from that point forward.

Since being appointed to represent Francis Salemme counsel has met with Mr. Salemme at a correctional facility on November 21, 2004, November 28, 2004 and December 5, 2004. While confined to this facility Mr. Salemme was held in the

Segregated Housing Unit separate and apart from the rest of the facility. He was locked in his cell 24 hours a day seven days a week and only allowed out of his cell to meet with counsel. During the three meetings with counsel, Mr. Salemme remained handcuffed to the chain around his waist. He was not permitted visits from family and/or friends. He was not permitted phone calls to family, friends and/or counsel. He was not permitted the opportunity to write to his family, friends, and/or counsel. He was not given adequate clothing. He was not permitted access to day light and exercise. He was not permitted access to a law library. Counsel doubts that Mr. Salemme was given adequate food.

Mr. Salemme is facing serious medical concerns that are well known to all of the government entities involved in this matter. His medial concerns are of a very serious nature that are being intentionally ignored by all of the government entities. Mr. Salemme is in need of medical treatment.

Counsel has a right to know where Mr. Salemme is being held so he may make arrangements to travel to the facility and to begin the process of preparing Mr. Salemme's case. Initially counsel would be satisfied if the government were ordered to make Mr. Salemme available to him for consultation. However, counsel wants to be informed of the location of his client and the name of someone who is permitted to make arrangements for counsel visits.

The intentional and strategic interference with Francis Salemme's constitutional rights by all of the government entities involved in this prosecution must result in the dismissal of the above numbered indictment.

FRANCIS P. SALEMME

_____
[s] Stephen J. Weymouth
BBO # 523680
65a Atlantic Avenue
Boston, MA 02110
(617) 573-9598


## CERTIFICATE OF SERVICE

I, Stephen J. Weymouth, hereby certify that a true copy of the Motion To Dismiss was served upon Assistant United States Attorney, Brian Kelly, by mail December 27, 2004.

_____
Stephen J. Weymouth