UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| FRANCIS P. SALEMME | ) | CR. NO. 04-10323-RGS |
| | ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR COURT ORDER TO
CONSULT IN BOSTON COURTHOUSE TWICE A WEEK**

On May 17, 2005, defendant Francis Salemme (through counsel) filed a motion requesting the Court to order the Bureau of Prisons and the U.S. Marshal to produce defendant Salemme twice a week, every other week, at the federal Courthouse in Boston for consultation purposes with his attorney.  This motion lacks merit and should be denied.

For security reasons, defendant Salemme is currently incarcerated outside the District of Massachusetts.  Defense counsel has phone access to his client and can easily travel to confer with his client on a frequent basis.  To date, the status conferences before U.S. Magistrate Judge Joyce Alexander have occurred on a monthly basis and have thereby afforded defendant Salemme and his counsel an opportunity to meet in the Boston Courthouse at least once a month.

Defendant Salemme's counsel has not cited any case law in support of his motion nor has he specified any particular reason he cannot travel to visit defendant Salemme on a more frequent

basis.  Defense counsel is essentially urging this Court to do exactly what the Supreme Court has advised lower courts not to do - become too "enmeshed in the minutiae of prison operations." Bell v. Wolfish, 441 U.S. 520, 562 (1979)("the inquiry of federal courts into prison management must be limited to the issue of whether a particular system violates any prohibition of the Constitution or, in the case of a federal prison, a statute. The wide range of "judgment calls" that meet constitutional and statutory requirements are confided to officials outside of the Judicial Branch of Government.")

Salemme is currently incarcerated at a federal facility run by the Bureau of Prisons outside the District of Massachusetts. Under 18 U.S.C. §3142(i)(3), a detainee like Salemme should be "afforded **reasonable opportunity** for private consultation with counsel (emphasis added)." This provision is intended to be a guideline, not a mandate.  Falcon v. U.S. Bureau of Prisons, 852 F.Supp. 1413, 1417 (S.D. Illinois 1994)(rejecting Florida pretrial detainee's complaints about being housed, out of state, in the maximum security federal facility in Marion, Illinois), affirmed, 52 F.3d 137 (7th Cir. 1995).  The district court in Falcon also explained: "This statute [18 U.S.C. §3142(i)] does not, however, require a pretrial detainee to be housed within the trial district, **or even within the trial state.**" Id. (emphasis added).

Accordingly, defendant Salemme's motion for a court order to permit consultation with his attorney twice a week (every other

week) in the U.S. Courthouse in Boston should be denied.

                                       Respectfully submitted,

                                       MICHAEL J. SULLIVAN
                                       United States Attorney

Dated: May 26, 2005          By:   <u>/s/ Brian T. Kelly</u>
                                       FRED M. WYSHAK, JR.
                                       BRIAN T. KELLY
                                       Assistant U.S. Attorneys