UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| FRANCIS P. SALEMME | ) | CR. NO. 04-10323-RGS |
| | ) | |

**JOINT MOTION FOR ORDER OF EXCLUDABLE DELAY**

Pursuant to 18 U.S.C. § 3161 and Rule 112.2 of the Local
Rules of the United States District Court, the parties hereby
move that the Court enter an Order Of Excludable Delay excluding
from its calculation of the time within which the trial of this
matter must commence the following time periods:

1.  The time period from May 17, 2005 through and including
August 10, 2005, which is the time period between the filing of
defendant's motion for revocation of the Magistrate Court's
detention order and the District Court's Order denying said
motion.  18 U.S.C. §3161(h)(1)(F).

2.  The time period from July 5, 2005 through and including
August 17, 2005, which is the time period between the filing of
defendant's motion for discovery and the District Court's further
hearing on said motion.  18 U.S.C. §3161(h)(1)(F).

3.  The time period from July 6, 2005 through and including
July 20, 2005, which is the time period between the final status
conference before the Magistrate Court and the initial status
conference before the District Court and is the time period

needed by the parties to analyze discovery issues and to adequately prepare this case for trial and is in the interests of justice.  18 U.S.C. § 3161(h)(8)(A).

4.  The time period from July 20, 2005 through and including August 17, 2005, which is the time period between the initial status conference before the District Court and a subsequent hearing on discovery related matters and is the additional time period needed by the defendant to review and analyze discovery prior to filing substantive motions.  Accordingly, the ends of justice are best served by this exclusion of time because this is the time period needed by the defendant to adequately prepare this case for trial. 18 U.S.C. § 3161(h)(8)(A).

5.  The time period from July 12, 2005 through and including July 20, 2005, which is the time period between the filing of defendant's motion for leave to bill by additional counsel and the District Court's Order granting said motion.  18 U.S.C. §3161(h)(1)(F).  In granting said motion, the District Court determined that the underlying case is a complex case which requires an additional attorney to represent the defendant.

6.  Furthermore, due to the nature of this prosecution, the parties agree that this case should be deemed a complex case under 18 U.S.C. §3161(h)(8)(B)(ii) because it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by the Speedy

Trial Act.   Consequently, the parties agree that the time period
from November 16, 2004 through and including August 17, 2005,
which is the time period between the time of arraignment and the
most recent hearing in this case, should be deemed excludable
because it is in the interests of justice in this complex case
and is the time period needed by the defendant to adequately
prepare this case for trial.   18 U.S.C. § 3161(h)(8)(A) and 18
U.S.C. §3161(h)(8)(B)(ii).


Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

Dated: August 17, 2005            By:_____
                                  Brian T. Kelly
                                  Fred M. Wyshak, Jr.
                                  Assistant U.S. Attorneys


Dated: August 17, 2005            By:_____
                                  Stephen J. Weymouth, Esq.
                                  Counsel for Defendant Salemme


3