**EXHIBIT A**

| | | |
|---|---|---|
| 1 | | |
| 11/17/2004 | | Judge Nancy Gertner : ELECTRONIC ORDER entered granting 235 Motion for Protective Order :The Court adopts the Government's proposed protective order with one caveat. In so doing, the Court does not necessarily adopt the Government's contention that each of the categories of information described in its motion is privileged. The purpose of the order is to provide a framework for the parties to litigate such issues. (Gertner, Nancy) (Entered: 11/17/2004) |

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PETER J. LIMONE, *et al.* ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, *et al.* ) <br> ) <br> Defendants. ) <br> _____ ) | Civil Action No. 02-10890 NG |

**STIPULATED PROTECTIVE ORDER GOVERNING DISCLOSURE OF DISCOVERY MATERIAL AND INFORMATION**

The Court having before it the "United States' Motion for Entry of Protective Order Governing Disclosure of Discovery Material and Information" and good cause appearing therefor,

IT IS ORDERED, ADJUDGED, AND DECREED that the "United States' Motion for Entry of Protective Order Governing Disclosure of Discovery Material and Information" is granted.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the following procedures will govern the production and/or use of discovery material and information in this action.

1. This Protective Order governs the treatment and handling of all information and documents (including, without limiting the generality of the foregoing, answers to interrogatories, responses to requests for production, responses to requests for admission, deposition testimony, deposition transcripts, deposition exhibits, and other written, recorded or graphic matter, and copies of the foregoing) ("discovery material and information") produced in accordance with Rule 26 of the Federal Rules of Civil Procedure or any order of the Court, by any party or witness to any other party in this matter.

2. All discovery material and information, whether it be a document, information

contained in a document, information revealed during a deposition, information revealed in an interrogatory answer, or otherwise, must not be disclosed in form or content to any individual who is not a party, party attorney, or employee of a party attorney, and each party, party attorney, or employee of a party attorney, must provide written and signed consent to the Protective Order and its terms prior to access to any discovery material or information in these cases.

Except for the provision set forth in paragraph 3 of this Order, compliance and the responsibility for compliance on the part of all parties with federal or state law, as well as LR 5.3, D. Mass., concerning personal data identifiers, is not suspended or excused by this Order, regardless whether, for any reason, the producing or receiving party fails to protect or redact applicable confidential information.

3.  In accordance with the terms of this Order, pursuant to 5 U.S.C. § 552a(b)(11), the United States may disclose to the Plaintiffs, records which, in whole or in part, are otherwise subject to the Privacy Act of 1974, 5 U.S.C. § 552a, and which contain information within the proper scope of discovery under Fed. R. Civ. P. 26.

4.  Material and information subject to this Protective Order shall be used by a party receiving such material or information only for purposes related to this action and for no other purpose, under other restrictions as explained elsewhere in this order, and under no circumstances, other than those specifically provided for in this or a subsequent order of the Court, shall the party receiving such material or information disclose it to persons or entities other than the following:

    (a)    The Court, pursuant to paragraph 7 of this Order;

    (b)    Employees or agents of such counsel or party assigned and necessary to assist such counsel in the conduct of this litigation provided that such individuals sign the "Acknowledgment of Protective Order" attached to the Protective

Order pursuant to the directive of Paragraph 5 of this Order;

(c) Experts or consultants who have been retained for the purpose of assisting in the conduct of this action provided that such experts or consultants sign the "Acknowledgment of Protective Order" attached to the Protective Order pursuant to the directive of Paragraph 5 of this Order;

(d) Fact witnesses at deposition or trial or in preparation for deposition or trial, to the extent that the confidential materials were prepared by, received by, or referenced by name, title, or description by said fact witness; or to the extent that they utilized or are familiar with the equipment, information, or techniques referenced in the confidential material; their access to the confidential material is necessary to resolve a material issue of fact in the litigation; and provided they sign the "Acknowledgment of Protective Order" attached to the Protective Order pursuant to the directive of Paragraph 5 of this Order; and

(e) Other persons upon order of this Court or upon stipulation of the parties.

5. Each person given access to discovery material and/or information shall be advised that such material and/or information is being disclosed pursuant and subject to the terms of this Order, may not be disclosed other than pursuant to the terms hereof, and may be used only for purposes related to this action and for no other purposes. Material and information may be disclosed to and discussed with a person identified in subparagraphs 4(b), (c), (d) and (e) only after such person has executed a copy of Exhibit 1, attached hereto.

6. Information disclosed at (a) the deposition of a party or one of its present or former officers, directors, employees, or agents, or independent experts retained by counsel for the purpose of this litigation, or (b) the deposition of a third party (which information pertains to a party), is subject to the provisions of this protective order.

To the extent possible, the court reporter shall indicate on all transcripts that deposition testimony and any accompanying material and information is "Subject to Protective Order."

7.   In the event that counsel for any party determines to file with or submit to this Court any material designated "Subject to Protective Order" or information derived therefrom (by way of pleadings, motions, briefs, or other papers containing or making reference to such material or information), the party must move for the Court's permission to file the sealed material.

The material to be placed under seal shall be attached to the motion and filed only in a sealed envelope on which a statement in the following form shall be endorsed:

> This envelope is sealed pending an Order of the Court to the contrary and contains confidential and/or private information and documents that are subject to the Court's Protective Order. This envelope is not to be opened or its contents revealed except to counsel or authorized personnel of record or by subsequent Order of the Court.

All such material so filed shall be maintained by the Clerk of the Court separate from the public records in this action and shall be released only upon further order of the Court. In the event the Court denies the motion to place the material under seal, the sealed envelope shall be retrieved by the party submitting it within three business days of notice of the Court's action, and shall under no circumstances be made a part of the public record.

8.   If any party objects to the designation of any material as "Subject to Protective Order," the objecting party may notify the producing party in writing at any time, but no later than three months before the date of trial. The notification shall include detailed and specific reasons supporting the basis of each objection to the designation and an explanation for why the material should not be sealed. The objecting party must attempt to resolve the dispute with the producing party. If after ten (10) days after service of any such notice, the parties do not reach agreement, the burden is on the objecting party within seven (7) days to apply to the Court for a ruling that the material objected to shall not remain "Subject to Protective Order" and notice of such application

shall be provided to all other parties.

Until this Court enters an order determining the status of the material being objected to, the confidentiality has been expressly waived, or a person with standing gives written consent to disclosure, such material shall be treated as confidential and protected as provided in this Order, unless the parties otherwise agree by written stipulation. In the event that a party believes that the confidentiality of specified material has been expressly waived, or a person with standing gives written consent to disclosure, the material shall remain confidential until seven (7) days after notice of the express waiver or written consent to disclosure has been served on all parties.

9. Within three months of the conclusion of this litigation (commencing from the date on which the time for filing an appeal from entry of judgment with no party taking an appeal, or in the event an appeal is taken, from the date of exhaustion of any and all appeals), all materials and information "Subject to Protective Order," and all copies thereof, shall either be returned to the producing party or nonparty witness or destroyed. A party who elects to destroy the copies shall submit a certification to the producing party or nonparty witness, attesting that all copies were destroyed, within 14 days of the destruction of the copies. Copies which contain markings constituting attorney work product need not be returned or destroyed, provided they remain subject to the provisions of this protective order.

In order to keep track of all copies of each document, a log shall be created and maintained by each party in possession of documents or other material and information pursuant to this order listing the number of copies of each document made by the party in possession of the document. All documents shall be kept in the possession of the party to whom the document was produced, except in the limited circumstances described above.

This provision applies to discovery material or information produced or obtained in any format, including but not limited to paper and electronic formats.

10. The agreement of any party to be bound by the terms and conditions of this Order does not constitute a waiver of any privilege available to that party, and shall not be construed as such.

Stipulated to and respectfully submitted,

Date: _____

_____
MARY McELROY LEACH
Attorney for Defendant United States

Date: _____

_____
ALLEN L. LANSTRA
Attorney for Defendant United States

Date: _____

_____
GLEN E. COE
Attorney for Salvati Plaintiffs

Date: _____

_____
VICTOR J. GARO
Attorney for Salvati Plaintiffs

Date: _____

_____
AUSTIN J. McGUIGAN
Attorney for Salvati Plaintiffs

Date: _____      _____
                           JAMES M. CHERNETSKY
                           Attorney for Defendant Walsh


Date: _____      _____
                           THOMAS R. DONAHUE
                           Attorney for Defendant Walsh


Date: _____      _____
                           EDWIN DURHAM
                           Attorney for Plaintiff Edward Greco


Date: _____      _____
                           HOWARD FRIEDMAN
                           Attorney for Plaintiff Edward Greco


Date: _____      _____
                           MYONG J. JOUN
                           Attorney for Plaintiff Edward Greco


Date: _____      _____
                           MICHAEL RACHLIS
                           Attorney for Plaintiff Edward Greco


Date: _____      _____
                           E. PETER PARKER
                           Attorney for Defendant H. Paul Rico

Date: _____   _____
MICHAEL AVERY
Attorney for Limone and Tameleo Plaintiffs

Date: _____   _____
JULIANE BALLIRO
Attorney for Limone and Tameleo Plaintiffs

Date: _____   _____
WILLIAM T. KOSKI
Attorney for Limone and Tameleo Plaintiffs

Date: _____   _____
RICHARD D. BICKELMAN
Attorney for Plaintiff Roberta Werner

Date: _____   _____
JOHN CAVICCHI
Attorney for Plaintiff Roberta Werner

Date: _____   _____
LAWRENCE R. HOLLAND
Attorney for Plaintiff Roberta Werner

Date: _____   _____
MICHAEL B. MEYER
Attorney for Defendant Dennis Condon

Date: _____            _____
                                JOHN M. CONNOLLY
                                Attorney for Defendant Dennis Condon


Date: _____            _____
                                EDWARD J. LONEGRAN
                                Attorney for Defendant John Connolly


Date: _____            _____
                                E.P. MULLANE
                                Attorney for Defendant John Connolly


IT IS SO ORDERED:

Date: _____            _____
                                HONORABLE NANCY GERTNER
                                UNITED STATES DISTRICT JUDGE

# EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | Cr. No. 94-10287-MLW |
| ) | |
| FRANCIS P. SALEMME, et al. ) | |

ORDER

WOLF, D.J.                                                  February 28, 2005

The Court received the attached Motion for Access to Documents in Criminal Action No. 04-CR-10323-RGS and Judge Richard Stearns endorsement allowing the motion "contingent on Judge Wolf's concurrence." Accordingly, it is hereby ORDERED that:

1. Steven J. Weymouth is deemed an "Authorized Individual" for the purpose of the Protective Order included in paragraph 9 entered in this case on June 26, 1997 Order and amended on December 29, 1997. See United States v. Salemme, 978 F. Supp. 386, 389-90 (D. Mass. 1997); United States v. Salemme, 1997 WL 810057 *4 (D. Mass. Dec. 29, 1997).

2. The foregoing Protective Order shall not operate to bar the use of any documents or information subject to it in United States v. Francis P. Salemme, 04-CR-10323-RGS, subject to any restrictions Judge Stearns may impose in that case.

3. This Order does not affect any transcript, or portion of any transcript, that is under seal in this case. Any request to unseal any such transcript, or to disclose information contained in any such transcript, shall be made to, and will be decided by, this court.

4. A copy of this Order shall be provided to Judge Stearns

and to counsel in the <u>Salemme</u> case now assigned to him, 04-CR-10323-RGS.

                                            /s/ MARK L. WOLF
                                      UNITED STATES DISTRICT JUDGE

**EXHIBIT C**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                      ) | CASE NO.   1:04-CR-10323-RGS |
| ) | |
| FRANCIS P. SALEMME,     ) | |
| Defendant               ) | |

### MOTION FOR ACCESS TO DOCUMENTS PRODUCED
### IN CRIMINAL ACTION NO. 94-CR-10287-MLW

Now comes counsel for Francis P. Salemme and respectfully requests this Court to allow his associate, Steven Boozang, BBO # 659216, access to the documents that were produced in the of United States v. Francis P. Salemme (Docket No.: 94-CR-10287-MLW). Counsel for Mr. Salemme filed a similar motion that was allowed by this Court subject to the concurrence of Judge Wolf on February 23, 2005. Judge Wolf has since concurred.

Counsel has hired Mr. Boozang to work for him. Mr. Boozang will need to review the documents produced by the government and other entities during the discovery phase of the proceeding before Judge Wolf. Counsel for Mr. Salemme requests permission of the Court for Mr. Boozang to review these documents.

Mr. Boozang would of course become subject to the protective order set forth by Judge Wolf. Mr. Boozang is only interested in reviewing any document that may be helpful to his defense of Francis Salemme.

FRANCIS P. SALEMME

/s/ Stephen J. Weymouth
[s] Stephen J. Weymouth
BBO # 523680
65a Atlantic Avenue
Boston, MA 02110
(617) 573-9598

## CERTIFICATE OF SERVICE

I, Stephen J. Weymouth, hereby certify that a true copy of the foregoing motion was served upon Assistant United States Attorney, Brian Kelly, by hand on May 10, 2005.

Stephen J. Weymouth

**EXHIBIT D**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | **Criminal No. 04-10323-RGS** |
| -v.- ) | |
| ) | |
| **FRANCIS P. SALEMME,** ) | |
| ) | |
| ) | |
| ) | |
| **Defendant.** ) | |

## PROTECTIVE ORDER

This matter has come before the Court pursuant to the parties' joint motion for a protective order with regard to all discovery produced to the defendant and/or defense counsel ("the defense") subsequent to June 8, 2005 and bate stamped #6246 et seq.

Pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure, and for good cause shown,

**THE COURT HEREBY ORDERS**, with regard to the above-captioned indictment, that all discovery produced to the defendant and/or defense counsel ("the defense") subsequent to June 8, 2005 and bate stamped #6246 et seq. case shall be used solely for good faith preparation for trial and defense of this case and shall not be used by the defense for any other purpose.

**IT IS FURTHER ORDERED** that the defense shall hold securely all of the discovery produced to the defense subsequent to June 8, 2005 and bate stamped #6246 et seq. in locations not accessible to unauthorized third parties.

**IT IS FURTHER ORDERED** that the defense may review the aforementioned materials with third parties as part of the defense's good faith preparation for trial and defense of this case, but shall not permit any third party to take, copy, or record in any way any of the aforementioned materials, copies, or contents thereof.

2

**IT IS FURTHER ORDERED** that upon the conclusion of this case, all of the discovery produced to the defense subsequent to June 8, 2005 and bate stamped #6246 et seq shall promptly be returned to the government.

DATED:

_____
HON. RICHARD G. STEARNS
United States District Court Judge

6-22-05.