FILED
UNITED STATES DISTRICT COURT CLERKS OFFICE
DISTRICT OF MASSACHUSETTS

NO.  1:04-CR-10323-RGS    2006 DEC 15 P 3: 26

UNITED STATES OF AMERICA  U.S. DISTRICT COURT
DISTRICT OF MASS.

v.

FRANCIS P. SALEMME,
Defendant.

_____

**MOTION FOR DISCOVERY**

_____

The defendant, Francis P. Salemme, respectfully moves

that this Court order the Government to furnish documents

and other evidence vital to the preparation of his

defense.  Mr. Salemme submits that he otherwise will be

denied his constitutional right to due process and will

likewise be severely prejudiced because he will be unable

to evaluate available legal theories and strategic options

in time to meaningfully utilize them, unable to obtain

witnesses for his defense, and unable to file complete

dispositive motions by deadlines set by this Court.

It is contended that Mr. Salemme is entitled to all

potentially exculpatory evidence pursuant to the standards

set forth in the cases of Brady v. Maryland, 373 U.S. 83

(1963) and Giglio v. United States, 405 U.S. 150, 154

(1972), and in light of the fact that the United States Supreme Court has held that "evidence affecting credibility falls within [the Brady] rule." Giglio, supra at 405 U.S. 154.

The defendant Salemme submits that the failure of the Government to provide the discovery requested in this motion will unduly prejudice the preparation of his case to such a degree that it will constitute a denial of his rights to a fair trial, due process and to properly prepare his defense in a sufficient period of time. Powell v. Alabama, 287 U.S. 45, 59 (1932). In this case, any failure of the Government to provide defense counsel with this evidence well in advance of trial will destroy his rights to prepare and present a defense and to due process.

Accordingly, the defendant makes the following specific request for discovery:

1.    All evidence which might be regarded as inculpatory to any of the other alleged co-conspirators including all criminal records, any proffers or negotiations with state or federal law enforcement agencies, evidence relating to any uncharged conduct, evidence reflecting on character, evidence relating to participation in any state or federal crime whether or not charged, evidence relating to participation in any crimes alleged in the indictment, and any additional evidence which might be used pursuant

to Fed.R.Evid. 806, specifically, but not limited to;

a.    Surveillance logs for the following individuals from January 1, 1990 through December 31, 1993;

    1.    Frank Salemme, Sr.;
    2.    Frank Salemme, Jr.;
    3.    John "Jackie" Salemme;
    4.    Stephen Flemmi;
    5.    James "Whitey" Bulger;
    6.    Kevin Weeks;
    7.    Steven DiSarro;
    8.    Robert Deluca;
    9.    Paul Weadick; and
    10.   Donna Wolf

2.    All reports, notes and work product for meetings between the government and Frank Salemme, Sr., particularly the 11/2/99 interview;

3.    All un-redacted 302 and /or 209 reports of Steven DiSarro being murdered in Frank Salemme's basement;

4.    All un-redacted 302 and/or reports in which Paul Weadick makes reference to Steven DiSarro;

5.    Any information filed under seal in John Connolly's appeal in reference to Stephen Flemmi, Frank Salemme, Sr. and Roger Vella;

6.    Stephen Flemmi's complete 209 informant file;

7.    James Bulger's complete 209 informant file;

8.    Any and all surveillance videos from Fairton Prison where Roger Vella claims his long talks and  walks with the defendant Salemme took place;

9.    Any and all un-redacted copies of the witness Gaetano Scafidi's 302 and/or 209 reports in relation to this case;

10. Any and all un-redacted copies of Anthony Rotundo's 302 and/or reports in relation to this case;

11. List of **all** books confiscated from Roger Vella's cell;

12. Any forensics performed on books Roger Vella alleges that the defendant Salemme gave to him;

13. All disciplinary reports on Roger Vella while in any Prison;

14. Any reports from AUSA Barry Gross stating regarding Roger Vella being dropped as a witness in the cases AUSA Gross was handling; and

15. A copy of Stephen Flemmi's passport as well as any passports with aliasses.

Additionally, and in accordance with the applicable local rules (D. Mass. L.R. 116 et seq.), the Rules of Criminal Procedure and Brady v. Maryland, supra, Moore v. United States, 408 U.S. 786 (1972), Giglio v. United States, supra, United States v. Agurs, 427 U.S. 97 (1976), Kyles v. Whitley, 514 U.S. 419 (1995) as well as the pertinent and applicable discovery rules, the defendant Salemme makes the following additional requests for discovery prior to trial:

16. Disclosure of all witnesses who have been interviewed by the authorities pertaining to the investigation culminating in the above indictments, whether or not the witnesses are to be testifying in this case at the government's request;

17. Copies of any books, papers, documents, photographs, tangible objects, buildings or

places that the government intends to reference or introduce into evidence at the trial;

18. Any logs, records, memoranda and/or reports pertaining to surveillance of the defendant and/or co-defendants, co-conspirators or joint venturers. In the event there is surveillance for which there are no logs, memoranda, records, reports or the like, a description of the surveillance, including the name of the person who conducted the surveillance and the date and place of each such surveillance, the manner in which the surveillance was conducted and copies of any videos or any other recordings made in conjunction therewith;

19. Copies of all photographs and copies of all videotapes or audiotapes or CDs in the government's care, custody and/or control;

20. Disclosure of the names and addresses of any individuals that the government contends or may contend was an accomplice or a co-conspirator in any of the crimes alleged in the indictment, including the manner in which the individual was involved and whether the individual has been arrested or charged with the offense as well as production of any written or oral statements or recorded testimony or statements of said person. In the event the government does not wish to disclose the identity of any such person at this time the defendant would request that a redacted copy of the information be produced;

21. Copies of any examinations or tests regarding any of the indictments, including notes, records and/or memoranda pertaining to such scientific examination of any physical object or item of evidence;

22. Disclosure and identification of all documents, information and witnesses known to the government which tend to exculpate the defendant as that term is defined and used in Brady v. Maryland, supra, Moore v. United States, supra, Giglio v. United States, supra, United States v. Agurs, supra and Kyles v. Whitley, 514 U.S. 419 (1995);

23. Disclosure of any documents, information or witnesses known to the government that would contradict any of the allegations in the indictment and tend to affect the weight of the evidence presented against the defendant. Without limiting the generality of his request for exculpatory evidence, the defendant makes the following specific requests:

   a. All evidence including agents' notes tending to show that some other person other than the defendant was responsible in whole or in part, either jointly with the defendant or others or individually for any of the alleged offenses;

   b. Names, addresses and dates of birth of any person or witnesses who the government does not intend to call at trial who have made statements to the government which are inconsistent with or contradict any allegation contained in the indictment or any evidence the government expects to present at trial together with the substance of such statements including relevant documents, and;

   c. Any other exculpatory evidence or information not disclosed elsewhere in response to another discovery request or order.

24. Early disclosure of Jencks Act materials containing any evidence which is subject to disclosure under Brady v. Maryland, supra. The defendant would respectfully suggest that the constitutional dictates of Brady, not the Jencks Act, should govern the disclosure of evidence which is both Brady and Jencks Act material. See United States v. Beckford, 962 Fed. Supp. 780 (Eastern District of Virginia, 1997) citing United States v. Tarentino, 846 Fed. 2d. 1384 n. 11 at 1414 (D.C. Circuit 1988) holding that Jencks Act timing limitations do not lessen the Government's obligations to disclose exculpatory Brady material. See also United States v. Starusko, 729 Fed. 2d. 256 (Third Circuit 1984);

United States v. Pollack, 524 Fed. 2d. 964 (D.C.
Circuit 1976).  Based on the aforementioned case
authority, the defendant Salemme requests
disclosure of all statements of witnesses in the
care, custody and/or control of the government.
The defendant requests that it disclose each
witness that was interviewed, called before the
grand jury or who the government intends to call
at trial.

Pertaining to the witnesses, the defendant

Salemme requests:

25.   A record of any and all criminal convictions,
      pending criminal cases, pending civil or criminal
      investigations;

26.   All promises, rewards, inducements, assurances,
      threats, understandings or agreements, whether
      formal or informal, oral or written, made
      directly or indirectly by any law enforcement
      agency or agent, especially by the United States
      government, its representatives, agents,
      attorneys or employees to any witness or the
      witnesses' counsel or the witnesses' families or
      any offer made to extend any promise, reward or
      inducement to any third party which could be
      considered to be an inducement to cooperate with
      the government, including threats, promises,
      rewards, understandings, assurances or agreements
      regarding the witness or third parties made in
      connection with this or any other investigation
      or case;

27.   Information regarding payment of money to or on
      behalf of or at the direction of any such witness
      or offer to make payments to any third party and;

28.   Any offers or grants of immunity, letters to
      counsel or the witness suggesting that the
      witness is not a target or plea proposals,
      whether oral or written as well as assurances
      given regarding any Internal Revenue Service
      investigations or investigations arising out of
      any such payment or promises;

29.   In the event that any witness has been offered
      protection to any degree, the name of such
      witness. With respect to any witness that is
      protected by Witness Protection Program or has
      had such offer extended or held in any fashion in
      protective custody, this request includes
      protection of the witnesses at an agreed upon
      time for interview by defendant's counsel and/or
      investigator;

30.   In the event that any witness has or had jeopardy
      or liability from any governmental agency,
      whether federal, state or local, for any crimes
      or acts that are alleged to have been committed
      by the witness, a detailed statement of the
      crimes or acts for which the witness has
      allegedly been made aware of and is aware of its
      criminal or civil jeopardy;

31.   The details of oral, recorded or written
      statements made by each witness whose testimony
      is inconsistent with that witness's grand jury
      testimony, trial testimony as anticipated and
      statements intended to be introduced into
      evidence or with the statement or testimony of
      any other witness;

32.   The disclosure of any specific instances of false
      conduct, misconduct, lies, perjury or violation
      of any oath or affirmation, particularly false
      statements or statements the government has any
      reason to believe are false bearing on the
      truthfulness of the witness. This request is also
      inclusive of any polygraph testing, handwriting
      exemplars, voice stress analysis examinations or
      any such scientific testing that has been
      utilized in the evaluation of the truthfulness of
      the witness, whether or not the witness is
      intended to testify in this case;

33.   Any other facts bearing on the credibility or
      motive of the witness to speak truthfully or
      their ability to perceive and relay observations
      accurately;

34.   The disclosure of all search and arrest warrants,
      including supporting affidavits and returns that
      were sought in the connection with this
      investigation, whether or not they were approved
      by a magistrate or a judge. The defendant Salemme
      also requests any and all warrants sought such as
      warrants for electronic surveillance set forth in
      accordance with 18 U.S.C. $2510 or any Title VIII
      surveillance.  The defendant also requests
      disclosure of any and all orders of any court of
      any jurisdiction permitting the interception or
      monitoring of any oral communications during and
      pursuit to the course of this investigation;

35.   Any information regarding any effectuation of
      scientific tests or consultations with any
      experts regarding testing of any evidence or
      expert advice regarding any evidentiary issue in
      this case;

36.   All copies of any reports pertaining to such
      consensual recordings if any do exist and/or a
      denial of any such consensual recordings;

37.   All transcripts, including draft transcripts of
      any and all tape recordings;

38.   All records of prior convictions regarding
      probation records and pre-sentence reports of any
      witness;

39.   The disclosure of whether or not the government
      intends to offer any evidence of bad acts or
      prior misconduct as that term is defined under
      Rule 404(b) of the Rules of Criminal Procedure
      and any instance that the government intends to
      rely on the prosecution of this case in its case-
      in-chief or in rebuttal thereof. In the event
      that there is such anticipated evidence, the
      defendant Salemme requests copies of all police
      reports, names and addresses of witnesses and any
      evidence, reports, statements, documents or
      information upon which the government has relied
      and intends to rely upon during its case-in-chief
      or in rebuttal evidence;

40.  All written and recorded statements made by the
     defendant or any co-defendant or alleged co-
     conspirator, whether made before or after arrest
     and indictment and whether or not in response to
     interrogation.  The defendant Salemme further
     requests disclosure of the time, place and
     circumstance of each such statements, including
     names and addresses of persons present when the
     statement was made. The defendant requests that
     the substance of any oral statements on which the
     government intends to offer made by the
     defendant, co-defendant or co-conspirator,
     whether before or after arrest also be reduced to
     writing and disclosed to the defendant;

41.  The disclosure of any statements, oral or
     written, which the government intends to offer as
     evidence at hearing or trial as being vicarious
     admissions of the defendant, with identification
     of date, time, place and circumstance of any such
     statement;

42.  Any government investigators' notes in their
     original form; and

43.  Disclosure of any physical evidence that will be
     presented at the time of trial.

The aforementioned requests are again made in

accordance with the applicable local rules, the rules of

criminal procedure and the dictates of Brady v. Maryland,

supra, Moore v. United States, supra, Giglio v. United

States, supra, United States v. Agurs, supra, Kyles v.

Whitley, supra, as well as the pertinent and applicable

discovery rules.

Dated: December 15, 2006

Respectfully submitted,
**FRANCIS P. SALEMME,**
By his attorneys,

_____
Robert A. George, Esquire
BBO # 189400
77 Newbury Street
Suite 4
Boston, Massachusetts 02116
617-262-6900


_____
Kevin R. Reddington, Esquire
BBO 414160
1342 Belmont Street
Suite 203
Brockton, Massachusetts 02641
508-583-4280


_____
Steven C. Boozang, Esquire
BBO # 659216
450 Washington Street
Suite LL9
Dedham, Massachusetts 02026
781-251-9991

## CERTIFICATE OF SERVICE

I, Robert A. George, hereby certify that on December 15, 2006 I served a copy of the foregoing **Motion for Discovery** in hand upon counsel for the Government as well as upon counsel for the co-defendants.

_____
Robert A. George, Esquire

-11-