UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| | ) |
| | ) |
| v. | ) CR. NO. 04-10323-RGS |
| | ) |
| | ) |
| | ) |
| **FRANCIS P. SALEMME,** | ) |
| **Defendant.** | ) |

---

**DEFENDANT'S RESPONSE TO COURT ORDER**

---

    Now comes the defendant Francis P. Salemme and hereby submits the following response to this Court's Order dated November 1, 2007.  This Court issued an Order on August 29, 2007 granting the Defendant Salemme's motion for an evidentiary hearing on the issue of the voluntariness of the defendant's statements in the context of his proffer agreement and interview.  No mention was made in that court order of the required filing of a defendant's affidavit although the government had argued for it at the hearing on August 27, 2007.

    On November 1, 2007, the Court specifically ordered that the defendant Salemme file an affidavit setting forth the facts on which the motion to suppress was based pursuant to Local Rule 7.1 prior to the hearing it had

1

previously ordered on August 29, 2007.  Although a reading of Local Rule 7.1 (b)(1) states that a party filing a suppression motion shall at the same time file affidavits and other documents setting forth or evidencing facts on which the motion is based, it does not state who must file that affidavit.  It is here contended that this Rule does not specifically require that the defendant or one with personal knowledge of the facts must execute such an affidavit as has been called for in this Court's most recent Order.

The defendant Salemme at the time of the filing of his motion to suppress submitted numerous exhibits detailing the chronology of events that surrounded his proffer statement on September 28, 1999 and his subsequent interview on November 2, 1999.  It is submitted that these same exhibits clearly set forth factual basis on which to conduct the hearing that had already been ordered by this Court on August 29, 2007.

As clearly set forth in Exhibit D (Tutungian's Report) to the Defendant's Motion to Suppress Evidence, the Defendant's affidavit and/or testimony would state that at the meeting on November 2, 1999, Mr. Salemme was questioned

2

about matters not covered by the proffer agreement that had governed his telephonic proffer statement on September 28, 1999.  He would also state that he was without his counsel Anthony Cardinale for almost the entirety of the interview/interrogation conducted by law enforcement officials with whom he had no proffer agreement and whom he was taken aback at seeing.  The Defendant would state that these men were State Police Lieutenant John Tutungian, State Police Detective Lieutenant John O'Malley, State Police Sergeant Steve Johnson, F.B.I. Agent Michael Rising, Assistant United States Attorneys Brian Kelly and Fred Wyshak, Deputy Attorney General/Special Prosecutor John H. Durham and F. B. I. Special Agent Gary M. Bald[1].

The Defendant would additionally state that Attorney Cardinale was not present and did not arrive until the interview was winding down almost five hours later and after the questions and answers leading to this indictment had occurred.  Therefore, it is clear that if Attorney Cardinale testifies at this suppression hearing that he was present at the time of the Defendant's interview on November 2, 1999

---

[1] The defendant would state that Durham and Bald sat and listened while he was interrogated by the others, most notably by AUSA Wyshak.

3

when Mr. Salemme was asked the questions that are the basis if this indictment, then the Defendant's sworn contrary statements under oath in such a document or on the witness stand would expose him to a potential perjury charge.

**Consequently, the defendant will not and cannot execute an affidavit and will not testify in a case where, at the very least, Attorney Cardinale will likely testify in a manner different than the movant thereby setting Mr. Salemme up for perjury exposure at a later date.**

However, if Attorney Cardinale swears that he was so present at this interview but the subsequent testimony of witnesses and documents (other than the defendant) demonstrates otherwise, it is submitted that this Court can make its determination in this suppression matter without the need of any sworn submission from the Defendant. Accordingly, the Defendant contends that his affidavit should not be required because a supporting memorandum and exhibits have been submitted in this case where those facts and arguments demand why this hearing should take place.

In conclusion, it is further suggested that if any affidavit is still required by this Court, then an attorney's affidavit satisfying the requirements of Local Rule 7.1 (b)(1) detailing the legal reasons and implications underlying such a hearing should instead be

filed.

        Respectfully Submitted,
        **FRANCIS P. SALEMME**,
        By His Attorneys,

*Robert A. George /s/*
_____
Robert A. George, Esquire
BBO # 189400
77 Newbury Street
Suite 4
Boston, Massachusetts 02116
617-262-6900

*Kevin R. Reddington/s/*
_____
Kevin R. Reddington, Esquire
BBO 414160
1342 Belmont Street
Suite 203
Brockton, Massachusetts 02641
508-583-4280

*Steven C. Boozang/s/*
_____
Steven C. Boozang, Esquire
BBO # 659216
450 Washington Street
Suite LL9
Dedham, Massachusetts 02026
781-251-9991

**CERTIFICATE OF SERVICE**

    I, Robert A. George, counsel for the Defendant, do hereby certify that this document, filed through ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on December 10, 2007.

*Robert A. George/s/*
_____
Robert A. George

5