UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal No. 04-10323-RGS |
| | ) | |
| FRANCIS P. SALEMME, | ) | |
| Defendant. | ) | |
| | ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S REFUSAL TO FILE AFFIDAVIT**

Defendant Salemme is charged in a two count indictment with obstruction of justice (18 U.S.C. §1503) and false statements (18 U.S.C. §1001) based on misrepresentations he made to investigators during a proffer session on November 2, 1999, regarding the disappearance and presumed murder of an individual named Stephen DiSarro. Without a supporting affidavit from himself or his former counsel (attorney Anthony Cardinale), defendant Salemme has filed a motion to suppress his proffered statements and falsely alleged that "he was unrepresented by counsel on or about November 2, 1999."

As previously noted, defendant Salemme's former counsel, Anthony Cardinale, has already indicated to government counsel that he was in fact present during the latter part of the proffer session when defendant Salemme was questioned about Stephen Disarro's disappearance. Attorney Cardinale specifically recalls being present when government investigators asked Salemme about Stephen DiSarro. Attorney Cardinale would also testify that he met with Salemme before the proffer session was conducted and that Salemme knew the proffer session was going to take place.

On November 1, 2007, as required by Local Rule 7.1, the Court ordered defendant Salemme to file an affidavit setting forth the facts on which his motion to suppress was based. On December

10, 2007, defendant Salemme filed a "Response to Court Order" in which his current counsel indicated that "the defendant will not and cannot execute an affidavit and will not testify" in this case. While this certainly may be the legally prudent thing for defendant Salemme to do at this juncture, it also underscores that fact that his motion to suppress has no merit.

Accordingly, because defendant Salemme has refused to substantiate his allegations with an affidavit and has clearly indicated that he will not testify at an evidentiary hearing, the motion to suppress should be denied without a hearing.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By: /s/ Brian T. Kelly
FRED M. WYSHAK, JR.
BRIAN T. KELLY
Assistant U.S. Attorneys

**CERTIFICATE OF SERVICE**

Suffolk, ss.                                                                                     Boston, Massachusetts
                                                                                                 December 17, 2007

I, Brian T. Kelly, Assistant United States Attorney, do hereby certify that this document, filed through ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and that paper copies will be sent to those indicated as non registered participants on this date.

/s/ Brian T. Kelly
BRIAN T. KELLY
Assistant U.S. Attorney