```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA    )
                            )
        v.                  )
                            )
FRANCIS P. SALEMME          )   CR. NO. 04-10323-RGS
                            )
```

## GOVERNMENT'S SENTENCING MEMORANDUM

Pursuant to the plea agreement in this case, the government is recommending that the Court sentence defendant Frank Salemme to 60 months' incarceration. Consistent with the plea agreement, defense counsel (Stephen Boozang, Esq.) has indicated that the defense will also be requesting a 60 month sentence. A copy of the plea agreement is attached hereto as Exhibit A (note paragraph four pertaining to joint sentence recommendation of 60 months).

Both the parties and the U.S. Probation Department have concluded that defendant's Total offense Level is 20. However, the Probation Department has calculated the GSR to be 41-51 based upon a surprisingly low Criminal History Category ("CHC") of III. At the time of defendant Salemme's last federal sentencing in January of 2000 (U.S. v. Salemme, et al., 94-10287-MLW), defendant Salemme was sentenced as though he was in CHC V due to the seriousness of his past criminal conduct and pursuant to U.S.S.G. §4A1.3. In fact, Salemme agreed to an upward departure to CHC V and acknowledged that a CHC III would substantially under-represent the seriousness of his criminal history. At the time (2000), he had the maximum number of criminal history points for a CHC III.

Ordinarily then, in this case, Salemme's CHC would be IV (resulting in a GSR of 51-63 months' incarceration) because the 2000 felony conviction should add another three points to his criminal history score. However, due to the age of some of Salemme's prior convictions, one of his prior convictions no longer "counts" for scoring purposes and, therefore, the Probation Department has determined that, technically, Salemme remains a CHC III.

Notwithstanding the technical quirks of the Guideline criminal history scoring system, the Court should impose the agreed upon sentence of 60 months. Pursuant to 18 U.S.C. §3553, a 60 month sentence is appropriate because it reflects the seriousness of the offense, provides just punishment, and takes into account the history and characteristics of the defendant. Moreover, pursuant to U.S.S.G. §4A1.3 and based upon Salemme's extensive criminal past, the Court should depart upwards and treat defendant Salemme as though he has a CHC of IV (rather than III) with a corresponding GSR of 51-63 months' incarceration. Surely a CHC IV is more appropriate for an individual like Salemme who has been a lifelong criminal and who, at one point, was the Boss of the New England La Cosa Nostra from approximately 1990 until he was convicted of racketeering in 1999.

Additionally, defendant committed the instant offenses (obstruction of justice and false statements) while he was under indictment and detained in another federal case (U.S. v. Salemme,

et al., 94-10287-MLW). This too provides a valid basis for the Court to impose a 60 month sentence pursuant to either the factors enumerated in 18 U.S.C. §3553 or a U.S.S.G. §4A1.3 upward departure.

Accordingly, consistent with the plea agreement in this case, the government respectfully recommends that defendant Salemme be sentenced to 60 months' incarceration pursuant to either the factors enumerated in 18 U.S.C. §3553 or pursuant to a U.S.S.G. §4A1.3 upward departure based upon an inadequate criminal history category score.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

Dated: July 8, 2008         By: /s/ Brian T. Kelly
                            Brian T. Kelly
                            Fred M. Wyshak, Jr.
                            Assistant U.S. Attorneys

**CERTIFICATE OF SERVICE**

Suffolk, ss.                Boston, Massachusetts
                            July 8, 2008

I, Brian T. Kelly, Assistant United States Attorney, do hereby certify that this document, filed through ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and that paper copies will be sent to those indicated as non registered participants on this date.

By:  /s/ Brian T. Kelly
     BRIAN T. KELLY
     Assistant U.S. Attorney